Office of the Attorney General · State of Texas
JOHN CORNYN

August 10, 2001

The Honorable Michael A. McDougal
Montgomery County District Attorney
301 North Thompson, Suite 106
Conroe, Texas 77301-2824

Opinion No. JC-0404

Re: Meaning of the term "recording" in Code of Criminal Procedure article 27.18, providing for acceptance of pleas and waivers by closed circuit video teleconferencing (RQ-0348-JC)

Dear Mr. McDougal:

You inquire about article 27.18 of the Code of Criminal Procedure, which authorizes a court to accept a defendant's plea or waiver of a right by closed circuit video teleconferencing. *See* TEX. CODE CRIM. PROC. ANN. art. 27.18(a) (Vernon Supp. 2001). A "recording of the communication" must be made and preserved until all appellate proceedings have been disposed of. *Id*. art. 27.18(c). You ask whether the recording must be a video recording of the communication, or whether a voice recording alone or a stenographic recording by a court reporter would comply with this requirement. The recording must be a video recording. You also ask whether the record preservation requirement for video recordings in article 27.18(c) conflicts with the record preservation requirements for court reporters' notes in Government Code section 52.046 and rule 13.6 of the Texas Rules of Appellate Procedure. Article 27.18(c) does not conflict with the latter two provisions because it pertains to different records. You finally ask whether both the video recording required by article 27.18 and the court reporter's stenographic notes must be kept. Both kinds of records must be kept.

Article 27.18 of the Code of Criminal Procedure allows a court to accept a defendant's plea or waiver "by broadcast by closed circuit video teleconferencing" to the court if:

(1) the defendant and the attorney representing the state file with the court written consent to the use of closed circuit video teleconferencing;

(2) the closed circuit video teleconferencing system provides for a simultaneous, compressed full motion video, and interactive communication of image and sound between the judge, the attorney representing the state, the defendant, and the defendant's attorney; and

(3) on request of the defendant, the defendant and the defendant's attorney are able to communicate privately without being recorded or heard by the judge or the attorney representing the state.

*Id.* art. 27.18(a). "A recording of the *communication* shall be made and preserved until all appellate proceedings have been disposed of." *Id.* art. 27.18(c) (emphasis added).

You state that the district courts in Montgomery County are interested in accepting pleas and waivers by closed circuit video teleconferencing pursuant to article 27.18 of the Code of Criminal Procedure, but there is a question about the kind of recording that must be made of the proceeding.[1] You ask whether a voice recording or a stenographic recording by a court reporter would fulfill this requirement, or whether a video recording of the communication must be made.

We conclude that the "recording of the communication" within article 27.18(c) is a video recording. Article 27.18 authorizes the court to accept a defendant's plea or waiver without the defendant being physically present in the courtroom. It requires "interactive communication of image and sound between the judge, the attorney representing the state, the defendant, and the defendant's attorney." TEX. CODE CRIM. PROC. ANN. art. 27.18(a)(2) (Vernon Supp. 2001). Thus, "the communication" to be recorded is the "interactive communication of image and sound between the judge," the attorneys, and the defendant. *See id.* This information, in particular, an image, can be preserved only on a video recording. The recording is to be maintained until appellate proceedings have been resolved, thus providing evidence on appeal of whether the judge, defendant, and attorneys were able to see, hear, and understand one another, even though some of these persons were absent from the courtroom.

The legislative history of article 27.18 supports the view that the "recording" is a video recording. Code of Criminal Procedure article 27.18 was adopted as Senate Bill 121 of the Seventy-fifth Texas Legislature. *See* Act of May 30, 1997, 75th Leg., R.S., ch. 1014, § 1, 1997 Tex. Gen. Laws 3700. The provision on record-keeping that appeared in the introduced version of Senate Bill 121 read as follows:

> A written transcript of the communication between the defendant and the court shall be made and filed with the records in the cause. A recording of the communication shall be made and preserved until the 120th day after the date the recording is made.

Tex. S.B. 121, 75th Leg., R.S. (1997). The introduced version of Senate Bill 121 required that both a "written transcript of the communication" and a recording of the communication be kept, thus indicating that a "recording of the communication" was not a written transcript. *See id.* The bill was amended in the Senate Criminal Justice Committee to delete the language requiring a written transcript to be kept because a transcript was thought to be too costly and not necessary. *See Hearings on Tex. Comm. Substitute S.B. 121 Before the Senate Crim. Justice Comm.*, 75th Leg., R.S. (Feb. 25, 1997) (statement of Senator Teel Bivins) (audio tape available from Senate Staff Services);

---

[1]*See* Letter from Honorable Michael A. McDougal, District Attorney, 9th Judicial District, to Honorable John Cornyn, Texas Attorney General (Feb. 8, 2001) (on file with Opinion Committee) [hereinafter Request Letter].

S.J. OF TEX., 75th Leg., R.S. 3916 (1997).[2] We conclude that article 27.18 requires a video recording of the proceeding to be preserved.[3]

You ask whether article 27.18 conflicts with Government Code section 52.046 and Texas Rule of Appellate Procedure 13.6 with respect to the length of time records of a proceeding must be preserved. You also ask whether the recording required by article 27.18 is in addition to a stenographic or electronic recording envisioned by rule 13.

Chapter 52 of the Government Code governs the certification, duties, and compensation of court reporters. Government Code section 52.046 provides that, on request, an official court reporter shall "take full shorthand notes of oral testimony offered before the court" and "preserve the notes for future reference for three years from the date on which they were taken." TEX. GOV'T CODE ANN. § 52.046(a) (Vernon 1998).

The record preservation requirement in rule 13.6 of the Texas Rules of Appellate Procedure applies when the defendant does not appeal, a limitation found in neither Government Code section 52.046 nor Code of Criminal Procedure article 27.18. Rule 13.6 states as follows:

> When a defendant is convicted and sentenced, or is granted deferred adjudication for a felony other than a state jail felony, and does not appeal, the court reporter must–within 20 days after the time to perfect the appeal has expired–file the untranscribed notes or the original recording of the proceeding with the trial court clerk. The trial court clerk need not retain the notes beyond 15 years of their filing date.

TEX. R. APP. P. 13.6.

Your request letter refers to the "stenographic or electronic recording" envisioned by rule 13,[4] and the quoted rule refers to the "original recording of the proceeding." *See id.* "Recording" in connection with the court reporter's duties under the Rules of Appellate Procedure means an audio recording, not a video recording. For example, Rule 34.6 provides that if the proceedings were electronically recorded, the reporter's record "consists of certified copies of all tapes or other audio-storage devices on which the proceedings were recorded." *Id.* 34.6(a)(2); *see also id.* 13.2 (court recorder must "ensure that the recording system functions properly throughout the proceeding and

---

[2]A subsequent amendment on the House Floor deleted the requirement that the recording be preserved until "the 120th day after the date" it was made and substituted the phrase "all appellate proceedings have been disposed." H.J. OF TEX., 75th Leg., R.S. 3916 (1997).

[3]We note that a bill was introduced in the Seventh-seventh Texas Legislature that would have amended Code of Criminal Procedure article 27.18(c) to delete the requirement that a "recording" be maintained and replace it with "transcript." *See* Tex. H.B. 2524, 77th Leg., R.S. (2001). This bill was not adopted.

[4]Request Letter, *supra* note 1, at 1.

that a complete, clear, and transcribable recording is made"); 34.6(f) (remedy if significant portion of the court reporter's notes and records is lost, or a significant portion of electronic recording is inaudible). Thus, unlike article 27.18(c) of the Code of Criminal Procedure, rule 13.6 does not require the court reporter to keep a video recording of a proceeding.

Neither Government Code section 52.046 nor Texas Rule of Appellate Procedure 13.6 addresses records of a court session involving participation by an absent defendant through closed circuit video teleconferencing. Under these special circumstances, the legislature has determined that the video recording shall be preserved until all appellate proceedings have come to an end, and the preservation times in the other two provisions do not apply to the video recording made under article 27.18 of the Code of Criminal Procedure. Accordingly, article 27.18 does not conflict with Government Code section 52.046 or with Texas Rule of Appellate Procedure 13.6, because it applies to a different kind of record than the latter two statutes.

It follows that the recording required by article 27.18 is in addition to a stenographic or electronic recording envisioned by rule 13 or section 52.046 of the Government Code. Neither provision authorizes the substitution of one record for the other. Moreover, the sponsor of Senate Bill 121 told the Senate Criminal Justice Committee that Senate Bill 121 would not affect normal paperwork and preservation of documents and that the court reporter would still be present during a hearing conducted according to the bill. *See Hearings on Tex. Comm. Substitute S.B. 121 Before the Senate Crim. Justice Comm.*, 75th Leg., R.S. (Feb. 25, 1997) (statement of Senator Teel Bivins) (audio tape available from Senate Staff Services). We also note that article 27.18 does not include safeguards to ensure that the court reporter may transcribe the video recording into a written record if necessary or that it will otherwise substitute for the court reporter's written record of the proceeding. In contrast, the Rules of Appellate Procedure require such safeguards when a court proceeding is recorded electronically. Rule 13.2 requires the court recorder to "ensure that the recording system functions properly throughout the proceeding and that a complete, clear, and transcribable recording is made" and to "make a detailed, legible log of all proceedings being recorded," showing the number and style of the case before the court, the name of each person speaking, the event being recorded, such as voir dire or direct and cross-examinations, the time of day of each event, and other items of information. TEX. R. APP. P. 13.2. After the proceeding ends, the log is filed with the clerk and the original recording is stored. *Id.* 13.2(d). Article 27.18 lacks comparable requirements.

Accordingly, we conclude that the video recording required by article 27.18 is not intended to replace the stenographic or electronic record required by rule 13.6, but must be kept in addition to those records. However, the official court reporter need not attend and make a record of the portion of the proceedings conducted by videoconferencing if the parties do not wish this. *See* TEX. GOV'T CODE ANN. § 52.046 (Vernon 1998) (on request, official court reporter shall attend all sessions of the court and take full shorthand notes of oral testimony); TEX. RULE APP. P. 13.1(a) (court reporter may be excused by agreement of the parties from making a record of proceedings).

## S U M M A R Y

When a court accepts a plea or waiver of a defendant's right by closed circuit video teleconferencing pursuant to Code of Criminal Procedure article 27.18, a video recording of the communication must be made and preserved until all appellate proceedings have been disposed of. The record preservation requirement for video recordings in article 27.18(c) does not conflict with the record preservation requirements for court reporters' notes in Government Code section 52.046 and rule 13.6 of the Texas Rules of Appellate Procedure, because the latter two provisions deal with different records. Both the recording required by article 27.18 and the court reporter's stenographic notes must be kept. However, the official court reporter need not attend the portion of the proceedings conducted by video conferencing to make a written record of it if the parties decide that this is unnecessary.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee